UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ─────────────────────────────────────X<br>MERCHANT HOUSE INC.,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br><br>AMERICAN STEAMSHIP OWNERS<br>MUTUAL PROTECTION AND<br>INDEMNITY ASSOCIATION, INC.,<br><br>　　　　　　　　　　　Defendant.<br>─────────────────────────────────────X | CIVIL ACTION NO.<br><br>12 **CV 6982 (xxx)**<br>**ECF CASE** |

**COMPLAINT**
**(with jury demand)**

Plaintiff, MERCHANT HOUSE INC. ("Merchant House"), by its attorneys BYNANE & CO PC, as and for its Complaint against Defendant, AMERICAN STEAMSHIP OWNERS MUTUAL PROTECTION AND INDEMNITY ASSOCIATION INC. (the "American Club"), respectfully alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1.　　This is an action for, *inter alia*, contract damages, presenting questions of insurance coverage under an admiralty or maritime contract of indemnity insurance.

2.　　As set forth below, there is complete diversity of citizenship between Plaintiff and Defendant, and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.00.

3.　　This Court has subject matter jurisdiction over the instant dispute pursuant to 28 U.S.C. § 1332.

4.　　This is an action for, *inter alia*, declaratory relief and is filed under and pursuant

1

to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et. seq.

5. An actual controversy of a justiciable nature has arisen and now exists between Plaintiff and Defendant concerning their respective rights, obligations, and/or other legal relations under a certain contract of marine insurance. Depending on the construction of said contract, the aforesaid controversy can be determined by a judgment of this Court, without further suit.

6. The Defendants resides in this judicial district within this State and, therefore, venue is proper pursuant to 28 U.S.C. § 1391(b).

7. Plaintiff Merchant House demands a jury trial on all causes of action herein.

## **PARTIES**

8. Plaintiff Merchant House was and is, at all times relevant, a corporation duly organized and existing under and by virtue of the laws of Panama, with its principal place of business located at Global Bank Tower, Calle 50, 18th Floor, Office No. 1801, Panama City, Panama.

9. Plaintiff Merchant House, at all times relevant, was and is in the business of commercial marine transport, including but not limited to, owning and operating cargo vessels.

10. At all times relevant, Defendant American Club maintained its principal place of business at One Battery Park Plaza, New York, New York.

11. At all times relevant, Defendant American Club was and is incorporated under the laws of the State of New York and was and is a mutual marine insurance association.

12. At all times relevant, Defendant American Club regularly does or solicits business, and engages in a persistent course of conduct and/or derives substantial revenue from goods used or services rendered in the State of New York.

## BACKGROUND FACTS

13. Defendant American Club provides Protection and Indemnity coverage to the members of its mutual marine insurance association.

14. According to Defendant American Club, Protection and Indemnity insurance generally provides cover to shipowners and charterers against third-party liabilities encountered in their commercial operations.

15. Every holder of a valid Certificate of Entry issued by Defendant American Club is a member of the mutual marine insurance association.

16. On, about, or before June 24, 2010, Defendant American Club issued a Certificate of Entry to Plaintiff Merchant House in respect of the M/S OCEAN PEARL (hereinafter the "vessel") for "cover to commence 24 June 2010, renewal date 20 February 2011."

17. The Protection and Indemnity insurance coverage provided by Defendant American Club is set forth in Defendant American Club's Rules (hereinafter the "Club Rules") and the Certificate of Entry.

18. According to the Certificate of Entry, membership in the American Club was "subject to the vessel undergoing a condition survey by an American Club appointed surveyor prior to her first cargo voyage."

19. On August 3 and 4, 2010, before her first cargo voyage, the vessel was surveyed at Yantai, China, by JCP Marine Pte. Ltd., an American Club approved surveyor, which resulted in the surveyor making certain recommendations as to the vessel.

20. Merchant House was therefore in 2010 a member of the mutual marine insurance association that is Defendant American Club.

21. The vessel grounded off Chittagong, Bangladesh due to severe weather in the

Bay of Bengal in early October, 2010 (hereinafter referred to as the "vessel") and, as a result thereof, suffered hull damage, an event that was duly reported to Defendant American Club.

22.	The vessel is a total loss, and as a result of the grounding Plaintiff Merchant House has incurred, and is expected to incur, substantial expenses, including costs related to cargo losses, salvage expenses, wreck removal costs, and related charges for crew, agent, port, and management expenses, now believed to be well over US $3million.

23.	In a letter dated October 6, 2011, Defendant American Club, declined Merchant House's coverage for costs related to the grounding for among other reasons relating to coverage issues, that Plaintiff Merchant House had failed to comply with the aforementioned condition survey requirements, creating that inference that Defendant American Club did not recognize Plaintiff Merchant House as a member of the American Club.

24.	In a letter dated August 23, 2012, Defendant American Club explicitly refused to acknowledge that as of June 24, 2010, or at any relevant time thereafter, Plaintiff Merchant House was a member in good standing of the American Club.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

25.	Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through "30" as if fully set forth herein.

26.	At all time relevant, Plaintiff Merchant House was insured under the terms and conditions of the Certificate of Entry and Club Rules.

27.	At all times relevant, Plaintiff Merchant House paid the required premiums and the Protection and Indemnity coverage afforded by Defendant American Club pursuant to the Certificate of Entry and Club Rules was in full force and effect.

28.	Plaintiff Merchant House has duly performed all of the conditions of the

Certificate of Entry and Club Rules on its part to be performed and in accordance with the terms therein, except as excused by waiver or estoppel on the part of Defendant American Club.

29. The Defendant has knowingly waived any term and/or condition in the Certificate of Entry and Club Rules that would otherwise preclude coverage for Plaintiff's claim for indemnification for its losses arising from and related to the grounding.

30. As a result of Defendant's representations and/or misrepresentations, which Plaintiff Merchant House relied upon, Defendant is estopped from asserting any term and/or condition in the Certificate of Entry and Club Rules that would otherwise preclude coverage for Plaintiff's claim for indemnification for its losses arising from and related to the grounding.

31. Defendant American Club wrongfully denied indemnifying Plaintiff Merchant House for its losses arising from and related to the grounding.

32. Defendant American Club breached the terms of the Certificate of Entry and Club Rules by denying indemnification to Plaintiff Merchant House for its losses arising from and related to the grounding

33. The failure and/or refusal by the Defendant to indemnify Plaintiff Merchant House for the full amount of its losses arising from and related to the grounding, constitutes a breach by the Defendant of its obligations under the Certificate of Entry and Club Rules and entitles Plaintiff Merchant House recover damages, including general, consequential, special damages and interest, in the full amount of its loss to be proven at trial.

34. As a result of the Defendants' breach of the terms and conditions of the Certificate of Entry and Club Rules, Plaintiff Merchant House has sustained general damages in an amount no less than all costs arising from and related to the grounding.

35. Plaintiff Merchant House is entitled to an award of consequential damages, in an amount to be determined at trial, for Defendant's failure to fulfill their obligations under the Certificate of Entry and Club Rules.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

36. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "1" through and including "35" as if fully set forth herein.

37. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights, obligations, and/or other legal relations under the Certificate of Entry and Club Rules. Plaintiff Merchant House contends that it complied with all material terms of the Certificate of Entry and Club Rules, and, therefore, is entitled to indemnification from Defendant American Club.

38. Accordingly, Plaintiff Merchant House desires a judicial determination of its rights and duties under the Certificate of Entry and Club Rules with respect to this controversy. This declaration of rights and duties of the parties is necessary and appropriate at this time in view of the controversy between the parties.

## AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

39. Plaintiff repeats and re-alleges all allegations set forth in paragraphs "l" through and including "38" as if fully set forth herein.

40. New York enacted New York General Business Law section 349 (the "Act") to protect consumers from unfair, deceptive, and/or fraudulent business practices. The Act provides consumers with a private right of action.

41. The Act creates a cause of action against those who engage in deceptive acts and

42.     Defendant American Club engaged in a general business pattern and practice directed to insureds like, and including Plaintiff Merchant House, that are deceptive and misleading in a material way, including, among other things, by:

(a)     Unreasonably refusing to pay any or all of Plaintiff's damages; and

(b)     Asserting an unreasonable interpretation of the Certificate of Entry and Club Rules, which if adopted, would make the coverage illusory.

43.     Additionally, there is implied in the contract between Plaintiff and Defendant, that is the Certificate of Entry and Club Rules, a covenant of good faith and in the exercise of fair dealing, deal with Plaintiff Merchant House fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure the rights of Plaintiff Merchant House to receive the benefits of the Policy. Defendants accepted a duty to honor said contractual obligations by entering into the herein referred contract of insurance.

44.     Plaintiff Merchant House has been injured by reason of Defendants' aforementioned conduct in a sum to be shown by proof at trial.

45.     Defendant American Club is liable to Plaintiff Merchant House for all compensatory damages, consequential demands, trebled and punitive damages, attorneys' fees, and interest that Plaintiff has and may sustain as a result of Defendant's unfair, deceptive, and/or fraudulent business practices.

WHEREFORE, Plaintiff Merchant House demands judgment against Defendant American on its first, second, and third causes of action in the amount of its general and consequential damages, with interest, and for a judicial declaration that Plaintiff Merchant House complied with all material terms of the Certificate of Entry and Club Rules, and, therefore, is entitled to indemnification from Defendant American Club, and for its

compensatory damages, consequential damages, trebled and punitive damages, attorneys' fees, and interest, all together with the costs and disbursements of this action, together with such other and further relief as this Court may deem just and proper.

Dated:  New York, New York

August 30, 2012

                                            Respectfully submitted,

                                            BYNANE & CO PC
                                            Attorneys for Plaintiff

By:    s/ Michael C. Bynane
                                            _____
                                            Michael C. Bynane (MB 4472)
                                            80 Broad Street, 5th Floor
                                            New York, New York 10004
                                            (212) 837-7953
                                            mcbynane@polycarpon.com